**SAS INSTITUTE, INC., Petitioner,**

v.

**John W. BREITENFELD, Respondent.**

No. 04–1103.

Supreme Court of Texas.

July 1, 2005.

Nancy L. Patterson, Curtis Dean Herms Jr., S. Shawn Stephens, Baker & Hostetler LLP, Houston, for petitioner.

Fred Colin Durham, Teresa G. Sanchez, Kyle G. Basinger, Collins & Basinger, Dallas, for respondent.

PER CURIAM.

The trial court in this case granted SAS Institute's motion for summary judgment, requiring John Breitenfeld to repay a bonus on a cancelled sale based on a commission contract between the two parties. The court of appeals reversed and rendered judgment on Breitenfeld's motion for summary judgment against SAS, allow-

ing Breitenfeld to keep the bonus under the commission contract. We hold the contract language is unambiguous and Breitenfeld is required to pay back the bonus he received because the sale on which the bonus was based was cancelled. Accordingly, we reverse the court of appeals' judgment and reinstate the judgment of the trial court.

■ Breitenfeld joined SAS, a software company, as a sales representative in April of 2001. As part of his employment he signed a commission contract that provided for compensation based on his sales of SAS's products. In December 2001, Breitenfeld received sales credit for a one million dollar sale to Methodist Healthcare System. Accordingly, in February and March of 2002, he was paid a substantial bonus for the sale. But in April of 2002, Methodist Healthcare cancelled its order. Breitenfeld resigned his employment with SAS the following June, without refunding the bonus he had received for the Methodist Healthcare sale. SAS demanded repayment of the bonus, and Breitenfeld refused to pay. SAS sued, and both parties filed motions for summary judgment.

■ SAS argues the clear language of the commission contract, when read as a whole, requires repayment of the bonus. We agree. When both parties file motions for summary judgment in the trial court, the appellate court determines all presented questions and renders judgment. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). A summary judgment movant must prove there is no genuine issue of material fact to prevail on his motion. *State Farm Fire and Cas. Co. v. Vaughan,* 968 S.W.2d 931, 932 (Tex. 1998); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983); *see Vaughan,* 968 S.W.2d at 932. The contract in this case is unambiguous. It states that bonuses will be paid only for new sales credit and that cancelled contracts will be followed by a deduction or repayment of any bonuses paid.

■ The intent of a contract is not changed simply because the circumstances do not precisely match the scenarios anticipated by the contract. The contract in this case envisioned scenarios where the bonus would be paid back if a sale was cancelled after Breitenfeld terminated employment, or where the bonus would be deducted from future sales credit or paychecks if he was employed with SAS when the contract was cancelled. The clear intent of the agreement is that a bonus is only owed on a completed, uncancelled sale. But a court interprets a contract by ascertaining the true objective intentions of the parties, based on the contract language. *Coker,* 650 S.W.2d at 393. "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Id.; see Stine v. Stewart,* 80 S.W.3d 586, 589 (Tex.2002). The relevant provisions of the commission contract in this case say the following:

> If a bonus payment is made to a sales rep and subsequently, sales order(s) that were part of the bonus calculation are cancelled, refunded, or the invoice is credited, sales credit for the cancelled sales will be deducted from the sales rep's current sales credit. At the end of the sales year, if an overpayment in bonus has been made, the overpayment will be deducted from bonuses earned in 2003.

> If a sales rep terminates employment with SAS Institute and subsequently,

sales order(s) that were part of the bonus calculation are cancelled, refunded, or the invoice is credited, the sales rep will be required to pay back to SAS Institute the portion of the bonus that was paid based upon the cancelled sales.

If a bonus is paid based on a sale and the sale is cancelled, the sales representative is required to repay the bonus to the company, either through deduction from his paychecks or by direct repayment. Since Breitenfeld resigned his employment before SAS was able to recover the bonus by deducting it from his future paychecks, Breitenfeld is required to repay SAS under the unambiguous terms of the contract.

Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment granting Breitenfeld's motion for summary judgment, and reinstate the trial court's judgment.