Opinion issued June 28, 2007 















Opinion
issued June 28, 2007










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00818-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CLEVELAND FRANKLIN, Appellant

 

V.

 

ROBERT C. BANKS, Appellee

 

 



On Appeal from County Civil Court at Law No. 4

Harris County,
Texas

Trial Court Cause No. 811257

 








 



MEMORANDUM OPINION

 

          In
his appeal from a bench trial, Cleveland Franklin contests the trial court’s
take-nothing judgment in favor of Robert C. Banks.  Franklin
challenges the legal sufficiency of the evidence and contends that the trial court
(1) erred in rendering judgment in favor of Banks, and (2) in not awarding Franklin
damages.  We
affirm.

Background

Franklin purchased a commercial building in
1992, and in 1999, hired Dorsey Spencer to replace the roof.  Franklin purchased the
roofing materials that Spencer was to use and stored them in his building.  Spencer asked Franklin about the quality of the new roof
before he began working.  Franklin
responded that he wanted “something to stop it from leaking.”  Spencer inspected the interior of Franklin’s building and
found a large amount of water damage. 
During the installation, Spencer exhausted the materials Franklin
provided.  Thus, Spencer used only one
ply of fiberglass felt on some portions of the roof, a less than standard
amount.  Spencer also noted that water
leaking into Franklin’s
building had damaged the roofing materials before he applied them to the
roof.  Spencer testified at trial that a
roof will blister if the fiberglass felt sustains water damage before it is
applied.  

Franklin stopped paying Spencer after Spencer
had installed about half of the roof. 
Spencer warned Franklin that the roof was
temporary and would not last any longer than one or two days.  Franklin told Spencer that
he would not pay him any more money and asked him to leave the property.  During the conversation, Franklin
kept a gun on the seat next to him.  

          The
following January, Franklin
hired Banks to complete the roof using materials similar to those that Spencer
had used.  Banks testified that according
to the contract, he was not responsible for repairing the portion of the roof
that Spencer installed.  Before he began
working, Banks noticed significant water damage inside of Franklin’s
building.  Banks testified that he
installed the portion of the roof required by the contract in a good and
workmanlike manner, and Franklin paid him $3,250
for his services.  Earl Hose was one of
Banks’s employees who worked on Franklin’s roof.  Hose testified that Banks used two plies of
fiberglass felt on the portion of the roof he installed.  After Banks completed the installation, Franklin complained about
several blisters that had formed on the roof. 
Banks repaired the blisters each time Franklin
requested.  

          Franklin sued Banks for
breach of contract, breach of warranty, and negligence.  At trial, Franklin testified that he hired Banks to
install a completely new roof on his building, and that Banks orally guaranteed
that the portion of the roof that Spencer installed would not leak and did not
need to be replaced.  Franklin
also testified that his building did not begin leaking until after Banks
performed his work.  

          Franklin
called an expert witness at trial named Michael Scanlon.  Scanlon testified that portions of Franklin’s
roof were not installed in a good and workmanlike manner.  Scanlon exposed an area of the roof and
discovered that the roofer had used only one ply of fiberglass felt.  Scanlon also found numerous areas where the
roof was not adequately attached to the substrate.  Scanlon, however, could not identify the roofer
who installed the defective portions of the roof.  Scanlon also found water damage inside of Franklin’s
building.

          The
contract between Banks and Franklin provides:

We hereby propose to furnish the materials and perform
the labor necessary for the completion of for [sic] Finishing up Roof.  Spud [sic] of All Gravels.  Replace Rotten Decking.  Replace Gravel Gard [sic] Where needed.  Mop 2 ply Fiberglass Felt.  Mop 1 ply systum [sic] on Wall And service
Mop Roof.  Three year Guarantee on
Application of Roof.  All material is
guaranteed to be as specified, and the above work to be performed in accordance
with the drawings and specifications submitted for above work and completed in
a substantial workmanlike manner for the sum of [$3,250.00] with payment to be
made as follows[:] on completion.

 

After a bench trial, the trial court
rendered judgment in favor of Banks and ordered that Franklin
take nothing.  The trial court also made
the following findings of fact and conclusions of law:

I.  Findings of
Fact

 

1.  A written
contract existed between Plaintiff and Defendant.

 

2.  Defendant
agreed to make repairs to a roof at 7034 Bellfort, Houston, Texas.

 

3.  Defendant
fully performed his duties under the agreement.

 

4.  Damages to
the building pre-existed the work performed by Defendant on the roof at 7034
Bellfort.

 

II.  Conclusions
of Law

 

1.  Defendant
did not breach any agreement with Plaintiff.

 

2.  Plaintiff is
not entitled to any recovery from Defendant in this matter.

 

3.  Plaintiff
shall take nothing by way of this suit.

 

4.  All costs
are taxed against the party incurring the same.

 

Legal Sufficiency

A.  Standard of Review

In an appeal from a bench trial, a trial court’s
findings of fact have the same weight as a jury’s verdict.  Amador v. Berrospe, 961 S.W.2d 205, 207 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). 
When challenged, findings of fact are not conclusive if, as here, there
is a complete reporter’s record.  Id.  When there is a reporter’s record, the trial
court’s findings of fact are binding only if supported by the evidence.  Id.  If the findings are challenged, we review the
sufficiency of the evidence supporting the findings by applying the same
standards that we use in reviewing the legal or factual sufficiency of the
evidence supporting jury findings.  Catalina
v. Blasdel, 881 S.W.2d 295,
297 (Tex.
1994).  We review de novo a trial court’s conclusions of
law, and uphold them on appeal if the judgment can be sustained on any legal
theory supported by the evidence.  BMC
Software Belg. v. Marchand,
83 S.W.3d 789, 794 (Tex.
2002); In re Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).

In a legal sufficiency
challenge by a party with the burden of proof at trial, we examine the entire
record to determine if the appellant established his claim as a matter of law.  See City
of Keller v. Wilson, 168 S.W.3d 802, 817, 826 (Tex. 2005) (entire record); Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989).  Only if the claim is established as a matter of law will we
sustain the issue.  Sterner, 767 S.W.2d at 690.  The
test for legal sufficiency is “whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review.”  City
of Keller,
168 S.W.3d at 827.  In making this determination, we credit favorable
evidence if a reasonable fact-finder could, and disregard contrary evidence
unless a reasonable fact-finder could not.  Id. 
So long as the evidence falls within the zone of reasonable disagreement, we
may not substitute our judgment for that of the fact-finder.  Id.
at 822.  The trier of fact is the sole judge of the credibility of the
witnesses and the weight to give their testimony.  Id.
at 819.  Although we consider the evidence in the light most favorable to
the challenged findings, indulging every reasonable inference that supports
them, we may not disregard evidence that allows only one inference.  Id.
at 822.

B.  Breach of Contract

          Franklin
contends that he established his breach of contract claim as a matter of
law.  

The essential elements of a breach of contract claim are:
(1) the existence of a valid contract; (2) performance or tendered performance
by the plaintiff; (3) breach of the contract by the defendant; (4) damages
sustained as a result of the breach.  Prime
Prods., Inc. v. S.S.I. Plastics, Inc.,
97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002,
pet. denied).

Our primary concern when interpreting a contract
is to ascertain and give effect to the intent of the parties as it is expressed
in the contract.  Seagull Energy E & P, Inc.
v. Eland Energy, Inc., 207 S.W.3d 342, 345 (Tex.
2006).  “To achieve this objective, courts should
examine and consider the entire writing in an effort to harmonize and give
effect to all the provisions of the contract so that none will be rendered
meaningless.”  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656,
662 (Tex.
2005).  

Whether a contract is
ambiguous is a question of law for the court. 
Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex.
1996).  “A contract is ambiguous
when its meaning is uncertain and doubtful or is reasonably susceptible to more
than one interpretation.”  Id.  We determine whether the contract is ambiguous by looking at the contract
as a whole in light of the circumstances present when the parties entered the contract.  Universal
Health Servs., Inc. v. Renaissance Women’s Group, P.A., 121 S.W.3d 742, 746 (Tex.
2003).  If the contract is so worded that
it can be given a certain or definite legal meaning or
interpretation, then it is not ambiguous and the court will construe
the contract as a matter of law.  SAS Inst., Inc. v. Breitenfeld, 167 S.W.3d 840, 841 (Tex. 2005); ACS
Investors, Inc. v. McLaughlin,
943 S.W.2d 426, 430 (Tex. 1997).  An unambiguous contract is construed according to the plain meaning of
its express wording.  Lyons v. Montgomery, 701 S.W.2d 641, 643 (Tex.
1985). Unambiguous contracts are enforced as written.  Heritage Res., Inc., 939 S.W.2d at 121. 

Franklin contends the contract required Banks to install
a completely new roof on his building. 
We disagree.  The contract
expressly states that Banks was only required to “Finish[] up Roof.”  The plain meaning of the term “finish” is “to
come to the end of a course, task, or undertaking.”  Merriam-Webster’s
Collegiate Dictionary 470 (11th ed. 2003).  We therefore conclude that the phrase
“Finishing up Roof” required Banks to install the unfinished portion of the
roof, not replace the entire roof. 
See Kennedy Ship & Repair, L.P. v. Pham, 210 S.W.3d 11, 22 (Tex.
App.—Houston
[14th Dist.] 2006, no pet.).  Considering
the contract as a
whole, the contract is not ambiguous, as it is worded so that it can be
given a certain or definite legal meaning. 
See Breitenfeld, 167 S.W.3d at 841; Universal
Health Servs., Inc., 121
S.W.3d at 746; McLaughlin,
943 S.W.2d at 430.

When the contract is
construed as only requiring Banks to install the unfinished portion of the
roof, Franklin
failed to produce any evidence that Banks breached the contract.  Banks testified that he installed the required portion of the
roof in a good and workmanlike manner in accordance with the terms of the
contract.  Hose testified that Banks used
two plies of fiberglass felt on the portion of the roof he installed.  After Banks completed the installation, Franklin
complained about several blisters that had formed on the roof.  Banks repaired the blisters each time Franklin
requested.  Scanlon testified that
portions of the roof were not installed in a good and workmanlike manner, there
were numerous areas where the roof was not adequately attached to the
substrate, and the area of the roof Scanlon exposed contained only one ply of
fiberglass felt.  Scanlon, however, could
not identify the roofer who installed the defective portions of the roof.  Spencer specifically testified that he
installed half of Franklin’s roof and used only
one ply of fiberglass felt on some portions of the roof because he exhausted
the materials provided by Franklin.
 

          Franklin
produced no evidence that Banks breached the contract.  See
Baylor Univ. v. Coley, No. 04-0916,
2007 WL 1162489, at *4–6 (Tex. Apr. 20, 2007) (holding that plaintiff produced
no evidence that defendant breached contract); Matagorda County Hosp. Dist. v.
Burwell, 189 S.W.3d 738, 740 (Tex. 2006) (holding that plaintiff
produced no evidence that defendant breached employment contract); Tacon
Mech. Contractors, Inc. v. Grant Sheet Metal, Inc., 889 S.W.2d 666, 672–73 (Tex.
App.—Houston [14th Dist.] 1994, writ denied) (holding that party failed to
establish its breach of contract claim as matter of law).  We therefore hold that Franklin
failed to establish his breach of contract claim
as a matter of law and was not entitled
to recover damages.  See City
of Keller, 168 S.W.3d at 817, 826–27; Sterner, 767
S.W.2d at 690.      

C.  Breach of Warranty

Franklin contends that he
established his claims for breach of express and implied warranties as a matter
of law.  The contract provides the
following express warranty: “Three year Guarantee on Application of Roof.”

The
elements of
a cause of action for breach of an express warranty for services include: (1)
defendant sold services to plaintiff; (2) defendant made a representation; (3)
representation became part of the basis of the bargain; and (4) defendant
breached the warranty.  Sw. Bell Tel. Co. v. FDP Corp., 811 S.W.2d 572, 576–77
& n.3 (Tex.
1991).

Texas also recognizes an
implied warranty to repair or modify existing tangible goods or property in a
good and workmanlike manner.  Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 354 (Tex.
1987).  “[G]ood and
workmanlike” is defined as “that quality of work performed by one who has the
knowledge, training, or experience necessary for the successful practice of a
trade or occupation and performed in a manner generally considered proficient
by those capable of judging such work.”  Id.  The implied warranty does not require
repairmen to guarantee the results of their work; it only requires those who
repair or modify existing tangible goods or property to perform those services in a good and workmanlike manner.  Id.
at 355.

A “consumer” may maintain
a cause of action under the Deceptive Trade Practices Act (DTPA) for breach of
an express or implied warranty.  Tex. Bus. & Com. Code Ann. §
17.50(a)(2) (Vernon
Supp. 2006); Parkway Co. v. Woodruff, 901 S.W.2d 434, 438 (Tex.
1995).  For a person to be qualified as a consumer, he must meet two requirements.  First, he must have sought
or acquired goods or services by purchase or lease.  Tex.
Bus. & Com. Code Ann. § 17.45(4) (Vernon 2002).  Second, the goods or services purchased or leased
must form the basis of the complaint.  Melody
Home Mfg. Co., 741 S.W.2d
at 351–52.  To recover for breach of warranty
under the DTPA, the plaintiff must show (1) consumer status, (2) existence of the warranty, (3)
breach of warranty, and
(4) the breach
was a producing cause of damages.  Tex. Bus. & Com. Code Ann. §
17.50(a)(2); Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., 217 S.W.3d 653, 666
(Tex. App.—Houston [14th Dist.] 2006, pet. filed); Elliott
v. Kraft Foods N. Am., Inc., 118 S.W.3d 50, 56 (Tex. App.—Houston
[14th Dist.] 2003, no pet.).

At trial, Banks testified that he
installed the required portion of the roof in a good and workmanlike manner.  Hose testified that Banks used two plies of
fiberglass felt on the portion of the roof he installed.  After Banks completed the installation, Franklin
complained about several blisters that had formed on the roof.  Banks repaired the blisters each time Franklin
requested.  Scanlon testified that
portions of the roof were not installed in a good and workmanlike manner, there
were numerous areas where the roof was not adequately attached to the
substrate, and the area of the roof Scanlon exposed contained only one ply of
fiberglass felt.  Scanlon, however, could
not identify the roofer who installed the defective portions of the roof.  Franklin therefore produced
no evidence that Banks failed to install the roof in a good and workmanlike
manner, or that Banks failed to repair the roof during the three years covered
by the express warranty.  

Franklin failed to produce any evidence that
Banks breached an express or implied warranty relating to the installation or
repair of the roof.  See, e.g., Johnston v. McKinney Am., Inc., 9 S.W.3d 271, 282–83 (Tex. App.—Houston [14th Dist.]
1999, pet. denied) (holding that plaintiff established breach of warranty claim
as matter of law).  We therefore
hold that Franklin
failed to establish his claims for breach of
express and implied warranties as a matter of law
and was not entitled to recover damages. 
See City
of Keller, 168 S.W.3d at 817, 826–27; Sterner, 767
S.W.2d at 690.      

D.  Negligence

          Franklin
contends that he established that Banks negligently installed the roof as a
matter of law.  

Negligence claims
consists of four elements: (1)
a legal duty; (2) a breach of that duty; (3) that the breach proximately caused
the plaintiff’s damages; and (4) that the plaintiff sustained damages.  Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex.
1990); Rangel v. Lapin, 177 S.W.3d 17, 22 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied).  “Professional
men in general and those who undertake any work calling for special skill are
required not only to exercise reasonable care in what they do, but also to
possess a standard minimum of special knowledge and ability.”  Mobil Pipe
Line Co. v. Goodwin, 492 S.W.2d 608, 613 (Tex. Civ.
App.—Houston [1st Dist.] 1972, writ ref’d n.r.e.); see also Jackson v.
Axelrad, 221 S.W.3d 650, 656 (Tex.
2007) (“Experienced milk haulers, hockey coaches, expert skiers, construction
inspectors, and doctors must all use care which is reasonable in light of their
superior learning and experience, and any special skills, knowledge or training
they may personally have over and above what is normally possessed by persons
in the field.”).  Professionals must use the skill and care in the performance
of their duties
commensurate
with the requirements
of their profession,
and are only liable
for a failure
to exercise
reasonable
care and skill commensurate
with those requirements.  I. O. I Sys., Inc. v. City of Cleveland, 615 S.W.2d 786, 790 (Tex. Civ.
App.—Houston [1st Dist.] 1980, writ ref’d n.r.e.); see
also Jackson,
221 S.W.3d at 656.  A contract for professional services gives rise to a duty by the professional to exercise the degree of
care, skill, and competence that reasonably competent
members of the profession would exercise
under similar circumstances.  Sw. Bell
Tel. Co. v. DeLanney, 809
S.W.2d 493, 494 n.1 (Tex. 1991); Averitt
v. PriceWaterhouseCoopers L.L.P., 89 S.W.3d 330, 334 (Tex. App.—Fort
Worth 2002, no pet.).

          At
trial, Banks testified that he installed the required portion of the roof in a
good and workmanlike manner.  Hose
testified that Banks used two plies of fiberglass felt on the portion of the
roof he installed.  Franklin
testified that the roof did not start leaking until after Banks performed his
installation, but produced no evidence that the portion of the roof that Banks
installed was the portion that was leaking. 
Scanlon testified that portions of the roof were not installed in a good
and workmanlike manner, there were numerous areas where the roof was not
adequately attached to the substrate, and the area of the roof Scanlon exposed
contained only one ply of fiberglass felt. 
Scanlon, however, could not identify the roofer who installed the
defective portions of the roof.  Spencer
specifically testified that he installed half of Franklin’s
roof and used only one ply of fiberglass felt on some portions of the roof
because he exhausted the materials provided by Franklin. 
Spencer also warned Franklin that his repairs
were temporary and would not last any longer than one or two days.

Franklin produced no evidence
that Banks breached his duty to use
reasonable care and skill commensurate
with the requirements of his profession in installing the required portion
of the roof.  See Bartosh v. Gulf Health
Care Ctr., 178 S.W.3d 434, 447–48 (Tex. App.—Houston
[14th Dist.] 2005, no pet.) (holding that plaintiff produced no evidence that
defendant negligently performed fire ant treatment services); Turbines,
Inc. v. Dardis, 1 S.W.3d 726, 738–43 (Tex. App.—Amarillo 1999, pet.
denied) (holding that plaintiff produced no evidence that defendant negligently
performed duties as airplane mechanic); S. Roofing & Sheet Metal Co. v. Paramount
Constr. Co., 512
S.W.2d 781, 784 (Tex. Civ. App.—Houston [14th Dist.] 1974, writ ref’d n.r.e.)
(holding that evidence that roof leaked was insufficient to show that roof was
poorly constructed).  We therefore hold that Franklin
failed to establish his negligence claim as a
matter of law and was not entitled to recover
damages.  See City
of Keller, 168 S.W.3d at 817, 826–27; Sterner, 767
S.W.2d at 690.  

Conclusion

          We
hold that Franklin has failed to
establish his breach of contract, breach of warranty, and negligence claims as
a matter of law, and was therefore not entitled to recover damages.  We affirm the judgment of the trial court.  

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.