Opinion filed July 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 3, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00195-CV 

                                                     __________

 

ROMAN G. DIAZ A/K/A GABE DIAZ, Appellant

vs.

WEST TEXAS AUTOMATION, INC., Appellee

 



 

On Appeal from the County Court at Law

Midland County, Texas

Trial Court Cause No. CC13353

 



 

                                              M E
M O R A N D U M   O P I N I O N

Roman
G. Diaz a/k/a Gabe Diaz and West Texas Automation, Inc. agreed that Diaz would
work for West Texas for a period of twelve months.  West Texas paid Diaz a
$10,000 signing bonus.  Diaz worked for West Texas for thirteen months and
quit.  West Texas sued Diaz claiming that the employment agreement provided
that, if Diaz ever left his employment, he had to repay the $10,000 signing
bonus to West Texas.  The trial court agreed and entered a judgment against
Diaz for $10,000, attorney=s
fees of $5,000, and prejudgment interest.  We reverse and render.

 In
a single issue, Diaz argues that, because he worked the full term of the
agreement, the trial court erred in holding that under the terms of the
agreement he had to repay the signing bonus.








On
January 13, 2005, Diaz and West Texas entered into an employment agreement. 
The term of employment was for a period of twelve months beginning on the date
of the agreement.  In the agreement, the parties provided for the rate of pay,
for Diaz=s duties and
functions while employed, and for benefits.  The parties also set forth
conditions relating to termination.  By the terms of the agreement, Diaz was
prohibited from disclosing confidential information during the term of
employment or thereafter.  Diaz was further prohibited from using such
information to compete with West Texas.  By the terms of the agreement, upon
termination of the term of employment, Diaz was required to surrender all
repositories of confidential information to West Texas.  Diaz was prohibited
from competing with West Texas as long as he was employed by West Texas and for
a period of one year thereafter.  Further, Diaz basically was prohibited,
during the term of employment and for a period of one year thereafter, from
soliciting business from customers of West Texas; from either employing
employees of West Texas or interfering with the employer/employee relationship
between West Texas and its other employees; and from interfering with West
Texas=s vendors,
providers, and suppliers.

By
article 3.2 of their agreement, West Texas and Diaz contracted:

Employee
shall be paid a one-time signing bonus in the amount of $10,000.00, subject to
withholding for federal income, social security, and any other applicable
taxes.  In the event that Employee leaves his employment with the Company for
any reason other than a reason stated in articles 4.1 and 4.3 of this
Agreement, then Employee shall pay to the Company $10,000.00 within 30 days
after he leaves his employment with the Company.[1]

 

Diaz
maintains that, because he stayed employed by West Texas for longer than the
twelve months provided for in the agreement, he should not be required to
refund the signing bonus.  West Texas takes the position that it is entitled to
repayment of the bonus regardless of when Diaz left his employment with West
Texas.








Although
neither party claims that the contract is ambiguous, we believe it to be
important  to note that whether a contract is ambiguous is a question of law.  Am.
Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003).  If a
contract is not ambiguous, the construction of the agreement is a question of
law.  MCI Telecomms. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647, 650
(Tex. 1999).  A court must consider all provisions of a contract with reference
to the entire agreement.  Coker v. Coker, 650 S.W.2d 391, 393 (Tex.
1983).  No single provision by itself will be given controlling effect.  Id. 
An appellate court reviews the trial court=s
conclusions of law de novo.  MCI Telecomms., 995 S.W.2d at 651.  A
contract is not an ambiguous one simply because each of the parties interpret
it differently.  Am. Mfrs., 124 S.W.3d at 157.  When a contract is
susceptible to two or more reasonable interpretations, it is ambiguous.  Id. 
We agree that this contract is not ambiguous because it is not susceptible to
more than one reasonable interpretation.             When we consider
all of the provisions of the employment contract together, we are led to the
conclusion that, as a matter of law, Diaz was not obligated to pay the $10,000
signing bonus back to West Texas because he worked for it for the employment
term.  The parties specifically provided that the obligation regarding
confidentiality would exist not only during the AEmployment
Term@ but also Athereafter.@  The parties also agreed
that Diaz would not compete with West Texas A[d]uring
the Employment Term and so long as Employee remains employed by Company
(whether for the Employment Term or longer) and for a period of one (1) year
thereafter.@ 
Additionally, the parties basically agreed that Diaz would not interfere with
West Texas=s
relationship with business contacts, employees, vendors, or providers A[d]uring the Employment
Term and for a period of one (1) year thereafter.@

We
believe it to be significant that, under article 3.1 entitled ACompensation,@ wages were agreed upon in
the agreement; were to be paid to Diaz A[d]uring
the term of employment@;
and were specifically made subject Ato
withholding for federal income, social security, and any other applicable
taxes.@  Likewise, in
article 3.2, the $10,000 signing bonus was specifically made subject Ato withholding for federal
income, social security, and any other applicable taxes,@ the same as the earned hourly wage.

Unlike
the provisions for confidentiality, non-competition, and non-solicitation, the
agreement pertaining to the signing bonus did not contain any provision for
extension beyond what the parties called the AEmployment
Term.@  If the parties
wanted to agree that the provision regarding the signing bonus would extend
beyond the AEmployment
Term,@ they certainly
knew how to write it into the contract, as they did with the provisions for
confidentiality, non-competition, and non-solicitation.  See SAS Inst., Inc.
v. Breitenfeld, 167 S.W.3d 840 (Tex. 2005) (employment agreement for sales
bonus written to extend beyond the employment period).








When
we consider all of the provisions of the agreement with reference to the whole
instrument, we hold that Diaz was not required to refund the signing bonus to
West Texas unless he left his employment with West Texas prior to the
expiration of twelve months.  Any other construction conceivably could result
in Diaz working for West Texas for twenty, thirty, forty or more years and yet
be obligated to refund the bonus to West Texas when he terminated his
employment with the company.  West Texas conceded as much at oral argument. 
Our construction of the contract avoids a construction that is unreasonable.  See
Frost Nat=l
Bank v. L & F Distributors, Ltd., 165 S.W.3d 310, 312 (Tex. 2005).

West
Texas argues that the agreement determines the rights and obligations of the
parties, not what Diaz believes that his experience shows what the benefits of
a bonus are.  In its brief, West Texas argues that A[t]he parties could have agreed to bonus the
employee extra time off, a frozen turkey, or tickets to a local high school
football game, but they did not.@ 
Under the construction presented by West Texas, if Diaz had received a bonus of
extra time off, a frozen turkey, or football tickets, rather than $10,000, and
if, at any time during his lifetime, he quit working for West Texas, he would
be obligated to work extra time to make up for the bonus time, or to replace
the frozen turkey, or to return the football tickets.  Surely that was not the
intent of the parties regarding the $10,000 signing bonus as we ascertain it in
the context of all of the other provisions of the employment agreement.  Diaz=s sole issue on appeal is
sustained.

We
reverse the judgment of the trial court and render judgment that West Texas
take nothing by its suit.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 3, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Article 4.1 of the agreement was entitled ADeath or Substantially Total Disability of Employee.@  Article 4.3 of the agreement was entitled ATermination without Cause.@