Opinion filed June 6, 2013



In The

# Eleventh Court of Appeals

———————

## No. 11-11-00297-CV

———————

### AFCO TECHNOLOGIES, INC., Appellant

### V.

### CORGILL CONSTRUCTION, INC., Appellee

On Appeal from the 42nd District Court

Taylor County, Texas

Trial Court Cause No. 47,770-A

### M E M O R A N D U M   O P I N I O N

This appeal arises out of a breach of contract claim made by Corgill Construction, Inc. against AFCO Technologies, Inc. Corgill moved for, and the trial court granted, summary judgment. AFCO perfected this appeal. AFCO argues in four issues that the trial court erred when it granted Corgill's motion for summary judgment. Because genuine issues of material fact exist, we reverse and remand.

In Corgill's original petition, it alleged that the City of Merkel contracted with AFCO for the completion of a water sewer project. As the general contractor for the project, AFCO sought bids from subcontractors. Corgill submitted a quote and claimed that an agreement was reached with AFCO to complete the necessary work. Corgill asserted that, after completing the work, AFCO refused Corgill's requests for payment.

We note at the outset that, in lieu of filing a response brief, Corgill has filed a letter with this court in which it stated that it agreed with AFCO that the case should be reversed and remanded for a trial on the merits. Nevertheless, the comments to Texas Rule of Appellate Procedure 42.1 provide that "[t]he rule does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error." *See In re Z.A.S.*, No. 07-09-0136-CV, 2009 WL 2567948, at *2 (Tex. App.—Amarillo Aug. 20, 2009, no pet.) (mem. op.). Accordingly, our analysis of the issues raised on appeal follows.

In its second issue, AFCO asserts that the trial court erred when it granted Corgill's motion for summary judgment because there is a genuine issue of material fact concerning whether AFCO accepted the quote from Corgill based on, among other things, the capacity of the signatory to Corgill's quote.

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). We

2

review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *Id.* The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

The relevant evidence that we have before us consists of an affidavit of the president of Corgill, which was attached to Corgill's motion for summary judgment, and an affidavit of the president of AFCO and a quote from Corgill, which were both attached to AFCO's response. At the bottom of the quote, written by hand, is the following: "Accepted – Dean Locklear 7/8/2009." The affidavit of the president of AFCO provided that "AFCO has no record on file that shows that AFCO accepted the quote provided by Corgill" and that the signed quote "shows acceptance of the quote by Dean Locklear in an individual capacity and not in the capacity to bind AFCO." The only other evidence present in the record concerning whether AFCO accepted the quote is the following statement from the affidavit of the president of Corgill: "In July 2009, Corgill Construction entered into an agreement with AFCO Technologies, Inc. concerning a project ongoing in Merkel, Taylor County, Texas."

Based on our review of the summary judgment evidence before us and taking as true evidence favorable to AFCO, we hold that AFCO has raised a genuine issue of material fact concerning whether AFCO accepted the quote from Corgill. Issue Two is sustained. Because we have held that a genuine issue of material fact exists that precludes summary judgment, we do not reach AFCO's other issues.

We reverse the summary judgment of the trial court and remand the cause to that court for further proceedings.


JIM R. WRIGHT

CHIEF JUSTICE


June 6, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.