# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00580-CV

**Liaquat Ali Khan, Appellant**

**v.**

**Nizarali Meknojiya, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-08-001931, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Landlord Liaquat Ali Khan sued tenant Nizarali Meknojiya for breach of the parties' commercial lease. In the suit, Khan sought damages pursuant to the lease's holdover provision, contending that Meknojiya became a holdover tenant as a result of Khan's termination of the lease. Meknojiya moved for summary judgment on the sole ground that Khan's recovery under the holdover provision is barred as a matter of law because it represents an unenforceable penalty in the form of "double-rent." The trial court granted partial summary judgment in favor of Meknojiya, and following a bench trial only on attorney's fees, the court rendered a final judgment that Khan take nothing on his claims and that Meknojiya recover attorney's fees. Because we conclude that the holdover provision is not an unenforceable penalty, we reverse the trial court's judgment and remand the case for further proceedings.

**BACKGROUND**

Khan owns commercial property located in Austin, Texas. In 1996, Khan and Meknojiya entered into a written lease agreement, and Meknojiya began operating a convenience store on the leased premises. The parties renegotiated their lease ("the lease") in March 2002. The renegotiated lease required Meknojiya to pay $4,500 per month in "base rent" and included the following paragraph, which the parties refer to as a "holdover provision":

> 2.07 <u>Holding Over</u>. If Tenant does not vacate the Leased Premises upon the expiration or earlier termination of the Lease, Tenant shall be a tenant at sufferance for the holdover period and all of the terms and provisions of this Lease shall be applicable during that period, except that Tenant shall pay Landlord (in addition to additional rent payable under this Lease and any other sums payable under this Lease) as base rental for the period of such holdover an amount equal to two times the base rent which would have been payable by Tenant had the holdover period been a part of the original terms of the Lease (without waiver of Landlord's right to recover damages as permitted by law).

According to Khan, Meknojiya committed a series of breaches following execution of the 2002 lease. For instance, Khan contends that Meknojiya (1) failed to obtain or renew required insurance, (2) failed to provide the required insurance documentation, and (3) permitted a corporation owned by other individuals to operate the convenience store without obtaining Khan's prior written consent. Khan notified Meknojiya in writing, through counsel, that Meknojiya was in default of the lease and that Khan was exercising his option to terminate the lease effective May 1, 2002. Nevertheless, despite additional notices of default, Meknojiya continued to occupy the premises and to pay $4,500 per month until January 2, 2007, the date the lease was set to have expired by its own terms.

Khan subsequently sued Meknojiya for breach of the lease, asserting that upon Meknojiya's breach of the lease and Khan's notification that the lease was terminated, Meknojiya occupied the property as a tenant at sufferance. *See ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) (citing Restatement (First) of Property § 22 (1936)) ("A tenant at sufferance is a person who has been in lawful possession of property but who wrongfully remains as a holdover after his right to possession has expired."). Khan sought damages in an amount equal to the difference that Meknojiya actually paid during the alleged holdover period and the amount that Meknojiya was required to pay for the same time period under paragraph 2.07.

Khan moved for partial summary judgment, asserting that he conclusively established all elements of his claim for breach of the lease.[1] Meknojiya filed a response and subsequently moved for summary judgment asserting that Khan's recovery was barred as a matter of law because the double-rent rate under paragraph 2.07 constitutes an unenforceable penalty. After conducting a hearing, the trial court granted Meknojiya's motion for summary judgment but denied Khan's motion. Following a bench trial on Meknojiya's remaining counterclaim for attorney's fees, the trial court rendered a final judgment incorporating the trial court's order granting summary judgment in favor of Meknojiya and ordering Khan to pay $60,191.71 in attorney's fees.[2] In three issues on

---

[1] Khan also asked the trial court to render summary judgment that he was entitled to attorney's fees, but to reserve judgment on the amount of fees for a separate hearing.

[2] Paragraph 13.03 of the lease states:

Attorney's Fees. The prevailing party in any legal proceeding brought under or with a relation to this agreement shall be entitled to recover form the non-prevailing party, their reasonable attorney['s] fees, court costs and expenses, including but not limited to travel and witness costs.

3

appeal, Khan argues that the trial court erred in granting summary judgment in favor of Meknojiya and consequently, in awarding Meknojiya attorney's fees as the prevailing party.

## STANDARD OF REVIEW

We review a trial court's ruling on summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A moving party is entitled to summary judgment if (1) there are no genuine issues of material fact and (2) the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A party who moves for traditional summary judgment on another party's claim is entitled to summary judgment when he negates at least one essential element of that claim or conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing the trial court's summary judgment ruling, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

In part, Khan's arguments on appeal raise matters of contract construction. In construing a written agreement, we must ascertain and give effect to the parties' intentions as expressed in the agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005) (per curiam). We consider the agreement as a whole and attempt to harmonize and give effect to all provisions of the contract. *Id.* If the contract language can be given a certain or definite legal meaning, then the language is not ambiguous, and this Court will construe the contract as a matter of law. *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005) (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

## DISCUSSION

Meknojiya moved for traditional summary judgment on the sole ground that the lease's holdover provision, calling for double rent, is an unenforceable liquidated-damages provision, i.e. a penalty. This assertion by Meknojiya is an affirmative defense that he had the burden of pleading and proving. *See Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991). As a result, to be entitled to summary judgment, Meknojiya had to conclusively establish every element of this defense. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam).

"The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." *Phillips*, 820 S.W.2d at 788. Accordingly, a liquidated-damages provision is not enforceable if, in effect, it is a penalty. *See id.* ("Whether a contractual provision is an enforceable liquidated damages provision or an unenforceable penalty is a question of law for the court to decide."). A liquidated-damages provision is enforceable only if a court finds that (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages called for is a reasonable forecast of just compensation. *Id.* Whether a liquidated-damages provision is an unenforceable penalty is a question of law for the court, although sometimes factual issues must be resolved before the court can decide the legal question. *Id.*

In his first and second issues on appeal, Khan argues that the trial court erred in granting Meknojiya's summary-judgment motion because Meknojiya failed to conclusively establish the essential elements of his affirmative defense of penalty. Specifically, Khan argues that, as a matter of law, paragraph 2.07 is not an unenforceable penalty provision because it is not a liquidated-

damages provision at all. Instead, according to Khan, paragraph 2.07 simply sets forth the parties' agreed rental rate for any holdover period. Based on the unambiguous language of the lease, we agree.

Whether a contract term is a liquidated-damages provision is a question of law for the court. *Valence Operating Co.*, 164 S.W.3d. at 644. "The term 'liquidated damages' ordinarily refers to an acceptable measure of damages that parties stipulate in advance will be assessed in the event of a contract breach." *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 431 (Tex. 2005). Here, paragraph 2.07 sets an agreed-upon rental rate for situations in which the tenant has failed to surrender the leased premises upon expiration of the lease term or earlier termination by one of the parties. The provision itself describes the amount due during the holdover period as "base rental for the period of such holdover." Further, paragraph 2.07 states that payment of such rental amounts do not waive the landlord's right to recover "damages as permitted by law." In other words, based on the plain language of the lease, there is no indication that the parties intended the amounts owed under paragraph 2.07 as a means of forecasting damages in the event of a breach. And, while rent under paragraph 2.07 may, in certain circumstances, form the basis of measuring damages, it does not independently set a damages amount or attempt to calculate damages. Simply put, any amount owed under paragraph 2.07 does not equate to a stipulated measure of damages; rather, it is an agreed-upon rental amount that is due under particular circumstances.

Our conclusion that paragraph 2.07 of the lease is not a liquidated-damages provision, and therefore is not a penalty, is consistent with that of our sister court of appeals in Dallas in analyzing whether a similar clause operated as a penalty provision. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807 (Tex. App.—Dallas 2008, no pet.). In *Meridien*

6

*Hotels*, the landlord leased hotel space to the tenant under a lease that required the tenant to pay 1.5 times the base rental amount if the tenant remained in the space upon termination of the lease by one of the parties or the lease term's expiration.[3] *Id.* at 822. The landlord sent the tenant a notice of termination of the lease, but the tenant remained in the hotel space anyway. *Id.* at 814. The landlord eventually sued the tenant, seeking multiple types and amounts of damages, including $2,130,136 in holdover rent, plus prejudgment interest, all of which the trial court awarded. *Id.*

The tenant appealed, claiming that the holdover rent provision was an unlawful penalty and that, as a result, the trial court erred in awarding pre-judgment interest on that amount. *Id.* at 822. Concluding that the holdover rental rate did not constitute a penalty, the court of appeals concluded that the provision "does not punish appellants; it instead requires that if appellants make the decision to hold over beyond the term of the lease, they must pay a higher rate for doing so. Appellants were on notice that [the landlord] considered the lease terminated, yet they chose to stay, having agreed in the lease to pay 1.5 times the usual rent for doing so." *Id.*

Likewise, in this case, paragraph 2.07 of the parties' lease agreement sets out in advance the rent to be paid should the tenant choose to remain on the premises after one of the

---

[3] Specifically, the lease at issue in *Meridien Hotels, Inc. v. LHO Financing Partnership I, L.P.*, contained the following provision:

> Any holding over by Tenant after the expiration or sooner termination of this Agreement shall be treated as a daily tenancy at sufferance at a rate equal to one and one-half (1.5) times the Rent and other charges herein provided (prorated on a daily basis).

255 S.W.3d 807, 822 (Tex. App.—Dallas 2008, no pet.)

parties terminates the lease or the lease expires by its own terms, creating a tenancy at sufferance. Upon expiration or termination of the lease, the tenant must decide whether to (1) leave the leased premises (assuming he is not forcibly removed) or (2) hold over under the lease as a tenant at sufferance and pay additional rent at the agreed holdover rate. Such additional rent is not a penalty; in fact, it does not represent liquidated damages at all. Rather, the additional rent is the agreed-to, bargained-for amount of rent due and owing in the event of a holdover.[4]

Because paragraph 2.07 of the parties' lease agreement is not a liquidated-damages provision, it cannot be an unenforceable penalty, as a matter of law. We therefore conclude that the trial court erred in granting summary judgment in favor of Meknojiya on this ground. In addition,

---

[4] Meknojiya relies on *Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991), for the proposition that a contractual provision in which one party agrees to pay the other some multiple of damages is an unenforceable penalty. *Phillips* is a classic illustration of a liquidated-damages provision that constitutes an unlawful penalty. In the midst of divorce proceedings, a husband and wife agreed to create a limited partnership rather than divide their substantial assets. *Id.* at 786-87. The agreement contained the following provision: "If the general partner breaches his trust hereunder, he shall pay to the limited partner as liquidated damages ten times the amount she loses as a result of such breaches of trust." *Id.* at 787. In other words, once actual damages were established for breach of the parties' contract, they would be multiplied by ten to reach the damages award. *Id.* at 789. The supreme court held that this provision was an unenforceable penalty provision, rather than an enforceable liquidated damages provision. *Id.*

Meknojiya's reliance on *Phillips* in this case is misplaced. First, unlike paragraph 2.07, the provision at issue in *Phillips* was undisputedly a liquidated-damages provision. As previously discussed, paragraph 2.07 is not a liquidated-damages provision at all, but instead is a rental amount that is triggered if and when the lease expires or is terminated. Second, the liquidated-damages provision at issue in *Phillips* was an unenforceable penalty on its face because the amount awarded by the provision was computed by multiplying actual damages (once established). *See id.* at 789. Here, paragraph 2.07 does not require a separate determination of damages or the application of any multiplier to that amount. Thus, even if we were to conclude that paragraph 2.07 is a liquidated-damages provision, unlike the court in *Phillips* we could not conclude that it constitutes a penalty on its face.

because Meknojiya should not have prevailed on summary judgment, it follows that he was not

entitled to attorney's fees. We sustain appellant's first and second issues on appeal.[5]

## CONCLUSION

Because we conclude that the trial court erred in granting summary judgment, we

reverse the trial court's judgment and award of attorney's fees in favor of Meknojiya. We remand

the case to the trial court for further proceedings consistent with this opinion.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Remanded

Filed: June 28, 2013

---

[5] In his third issue on appeal, Khan argues that, even if the double-rent rate set forth in paragraph 2.07 represents liquidated damages, Meknojiya failed to satisfy his burden to establish that it is an unenforceable penalty. Having sustained Khan's first and second issues on appeal, we do not address this issue. *See* Tex. R. App. P. 47.1.