NABORS DRILLING USA, LP; Ray Vasquez; David Rethaber, Appellants,

v.

Jimmy CARPENTER, Appellee.

In re Nabors Drilling USA, LP; Ray Vasquez; David Rethaber.

Nos. 04–05–00842–CV, 04–05–00933–CV.

Court of Appeals of Texas, San Antonio.

March 22, 2006.

---

Levon G. Hovnatanian, Bruce E. Ramage, Melinda McGehee Riseden, Elizabeth Mata Kroger, W. Jackson Wisdom, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, for appellants.

Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, Jerry J. Trevino, Law Office of Jerry J. Trevino, P.C., Corpus Christi, for appellee.

Sitting: CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this combined original proceeding and interlocutory appeal, Nabors Drilling USA, LP; Ray Vasquez; and David Rethaber seek relief from the trial court's failure to compel arbitration on the sole ground the arbitration agreement failed to call for "binding" arbitration. In response, real party in interest Jimmy Carpenter contends arbitration was properly denied because Nabors failed to "prove up" the arbitration agreement, and any such agreement is unenforceable. We dismiss Nabors's related interlocutory appeal for lack of jurisdiction, and conditionally grant mandamus relief.

## BACKGROUND

The underlying action arises from a dispute between Jimmy Carpenter and his former employer, Nabors Drilling, and former co-workers, Vasquez and Rethaber. When Carpenter was hired to work in Nabors's Jim Wells County operations in 2003, he was given a copy of a document entitled "Nabors Dispute Resolution Program and Rules." The "Resolution Program" established a procedure for resolving disputes arising from the employer-employee relationship through the use of arbitration. Carpenter signed a form acknowledging he had received a copy of the Resolution Program.

In March 2005, Carpenter left his job at Nabors. Subsequently, Carpenter sued Nabors, Vasquez, and Rethaber, alleging he was forced to resign from his position at Nabors because of repeated physical and verbal assaults by Vasquez and Rethaber. Carpenter's suit raised various claims against Nabors, including Texas Labor Code violations, a hostile work environment, sexual discrimination, intentional infliction of emotional distress, and assault. Nabors, Vasquez, and Rethaber answered the suit, then moved to compel arbitration of all claims. Two exhibits were attached to the motion to compel: a copy of the Resolution Program and Carpenter's signed acknowledgment. In his written response to the motion to compel, Carpenter argued the Resolution Program was unenforceable due to: (1) a failure of consideration; (2) a lack of clarity as to whether the parties agreed to mediation or arbitration; and (3) his signed acknowledgment's failure to indicate if arbitration or mediation was binding. Carpenter's response did not controvert the exhibits attached to Nabors's motion to compel.

The trial court held a non-evidentiary hearing. Nabors argued the parties had a valid arbitration agreement and that Carpenter's claims fell within the scope of the agreement. Carpenter did not deny the existence of a written arbitration policy or dispute his claims fell within the scope of the Resolution Program.[2] Nor did he dispute he received notice of the arbitration policy. Instead, Carpenter argued the Resolution Program was unenforceable because: (1) Nabors failed to meet its "initial burden" of presenting an arbitration agreement; (2) the arbitration agreement was illusory and unenforceable because Nabors could terminate or modify it with ten-days notice to the employee; and (3) the agreement was ambiguous because it called for both mediation and arbitration. The trial court expressly rejected Carpenter's first two arguments; however, it concluded the Resolution Program did not call for "binding" arbitration,[3] and therefore, denied the motion to compel arbitration.

The trial court's order does not state if the arbitration agreement in this case is governed by the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA"). Therefore, the relators/appellants seek review of the order denying arbitration both by mandamus and interlocutory appeal. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (litigants alleging entitlement to arbitration under the Federal Act and, alternatively, the Texas Act must pursue parallel proceedings).

## MANDAMUS JURISDICTION

■■■ We must first determine if the trial court's order refusing to compel arbitration is subject to review by interlocutory appeal or by mandamus. A trial court's order denying a motion to compel arbitration, if based on the TAA, is reviewable by interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(1) (Vernon 2005). However, if based on the FAA, an order denying a motion to compel arbitration must be reviewed by mandamus. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex.1996).

■■■ The FAA applies when a contract relates to interstate commerce. *Tipps*, 842 S.W.2d at 269–70. The FAA does not require a substantial effect on interstate commerce, and interstate commerce can be demonstrated in a variety of ways, including headquarters located in another state, transportation of material across state lines, or interstate mail or telephone calls. *In re Big 8 Food Stores*, 166 S.W.3d 869, 879 (Tex.App.-El Paso 2005, orig. proceeding). The relationship between an employer who is regularly engaged in activities involving interstate commerce and its employee relates to interstate commerce. *Id.* at 880.

In this case, it is undisputed that Nabors is a Delaware limited partnership with operations in several states, including Texas. Additionally, the Resolution Program ex-

---

2. The Resolution Program broadly defines the disputes covered to include: "matter[s] related to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of: discrimination based on race, sex, religion, national origin, age, veteran status or disability; sexual or other kinds of harassment; workers' compensation retaliation; defamation; infliction of emotional distress...."

3. During the hearing and immediately prior to ruling the trial court stated: "I think the third argument is the one I'm having problems with, is finding some sort of unambiguous language in this—this policy that says that these disputes shall be submitted to an arbitrator and that arbitrator's decision shall be binding."

pressly invokes the FAA. As such, we hold that the FAA applies, and mandamus is the proper mechanism for reviewing the trial court's order refusing to compel arbitration. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001); *In re Alamo Lumber Co.,* 23 S.W.3d 577, 579 (Tex.App.-San Antonio 2000, orig. proceeding). Accordingly, we dismiss Nabors's interlocutory appeal for lack of jurisdiction.

## STANDARD OF REVIEW

■■■ Mandamus will issue only to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* at 840. A writ of mandamus will issue when a trial court erroneously denies a motion to compel arbitration under the FAA. *In re Alamo Lumber,* 23 S.W.3d at 579.

■■■ A party seeking to compel arbitration by a writ of mandamus must: (1) establish the existence of a valid agreement to arbitrate under the FAA, and (2) show that the claims in dispute are within the scope of the agreement. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex.2005) (orig. proceeding). Whether an enforceable arbitration agreement exists is a legal question subject to *de novo* review. *In re Kellogg Brown & Root,* 80 S.W.3d 611, 615 (Tex.App.-Houston [1st Dist.] 2002, orig. proceeding).

## EVIDENTIARY OBJECTION

■■■ A trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *Tipps,* 842 S.W.2d at 269. In such summary proceedings, the party alleging an arbitration agreement must present complete summary proof in its "case-in-chief" that an agreement to arbitrate requires arbitration of the dispute. *In re Jebbia,* 26 S.W.3d 753, 757 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). Once this is accomplished, the party resisting summary arbitration must raise an issue of material fact about a necessary element of his opponent's "case-in-chief" or present some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. *Id.; Prudential Securities, Inc. v. Banales,* 860 S.W.2d 594, 597 (Tex.App.-Corpus Christi 1993, orig. proceeding) ("to successfully challenge the movant's claims regarding arbitration, the opposing party ... must initially controvert the movant's claims regarding arbitration by presenting affidavits or other such evidence as would generally be admissible in a summary proceeding ... the opposing party's failure ... [to] present[ ] proper controverting evidence denies him the right to proceed to ... an evidentiary hearing."). Thus, an evidentiary hearing is required only if the material facts necessary to determine the issue are controverted by an opposing affidavit or otherwise admissible evidence. *Tipps,* 842 S.W.2d at 269.

■■■ Carpenter argues mandamus relief should be denied because Nabors failed to verify or "properly prove up" the Resolution Program and Carpenter's acknowledgment, which were attached as exhibits to its motion to compel. However, Carpenter's written response did not controvert or raise any objection to Nabors's exhibits. Instead, Carpenter asked the trial court to "take judicial notice of the Court's file and *the evidence* presented as part of Defendants' motion . . . ." (emphasis supplied). Based on the pleadings before it, the trial court was not required to conduct an evidentiary hearing and properly

considered Nabors's summary proof. *See In re Conseco Finance Serv. Corp.*, 19 S.W.3d 562, 569 (Tex.App.-Waco 2000, orig. proceeding) (copy of arbitration agreement attached to motion to compel established the existence of an agreement to arbitrate). Accordingly, the trial court did not err in considering the Resolution Program and Carpenter's acknowledgement without an evidentiary hearing.

## Unambiguous Agreement to Arbitrate

 Relators argue the trial court should have compelled arbitration because the clear language of the Resolution Program, when read as a whole, requires the parties to arbitrate Carpenter's claims. We agree.

 Arbitration agreements are interpreted under contract principles. *In re C.A.K.*, 155 S.W.3d 554, 559 (Tex.App.-San Antonio 2004, orig. proceeding). The language of an arbitration agreement must clearly indicate the intent to arbitrate; however, the language does not have to assume any particular form. *Bates v. MTH Homes–Texas, L.P.*, 177 S.W.3d 419, 422 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding). The omission of the term "binding" from an arbitration agreement does not automatically transform it into a non-binding arbitration agreement.[4] *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 222 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding). Additionally, whether an arbitration agreement is ambiguous must be determined by examining it as a whole. *J.M. Davidson v. Webster*, 128 S.W.3d 223, 229 (Tex.2003). When an arbitration agreement is worded so that it may be given a certain or definite legal interpretation, then it is not ambiguous. *SAS Institute, Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex.2005).

Here, the Resolution Program expressly states it "is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms," that "[p]roceedings under the Program shall be the exclusive, final and binding method by which Disputes are resolved," and that "[a]ll Disputes not otherwise settled by the Parties shall be finally and conclusively resolved under this Program and the Rules." The Resolution Program's detailed "Rules" establish procedures for initiating arbitration and appointing an arbitrator and fully address hearings, discovery, representation, the record, evidence, post-hearing submissions, and the closing of the arbitration proceedings. Significantly, the Resolution Program authorizes a trial court to enter a judgment on the arbitrator's award: "Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction of the Parties."[5]

 Turning to the mediation language in the Resolution Program, we conclude it does not render the agreement to

---

**4.** Notwithstanding the trial court's concerns, the issue of whether the FAA applies only to "binding" arbitration agreements has not been settled by the Texas courts or the federal courts. *See Dluhos v. Strasberg*, 321 F.3d 365, 371 (3rd Cir.2003) (declining to enforce non-binding arbitration under the FAA); *In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, 391 F.Supp.2d 541, 578–79 (S.D.Tex.2005) (same); *but see United States v. Bankers Ins. Co.*, 245 F.3d 315, 322 (4th Cir.2001) (enforcing non-binding arbitration); *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir.1998) (holding arbitration need not be binding to fall within the scope of the FAA).

**5.** A court may enter judgment under the FAA only if the parties agree that a court may enter judgment. *See* 9 U.S.C. § 9; *Porter & Clements*, 935 S.W.2d at 221.

arbitrate ambiguous. The relevant provision provides: "At any time before the proceeding is closed, the Parties may agree to mediate their dispute by notifying AAA [American Arbitration Association], or JAMS [Judicial Arbitration and Mediation Services]. AAA or JAMS shall determine what procedures apply to any such mediation." This language is susceptible to only one reasonable interpretation: Carpenter's disputes must be arbitrated, unless the parties agree to mediation and notify the designated organization in a timely manner. We further conclude Carpenter's acknowledgment, which includes a reference to mediation, does not alter the clarity of the Resolution Program.[6] Considering the instrument as a whole, the Resolution Program requires the arbitration of Carpenter's disputes in clear and definite language. Accordingly, the trial court erred in not enforcing arbitration on the ground the Resolution Program did not call for "binding" arbitration.

■ Although we have determined the trial court erred in denying arbitration based on one ground, our analysis does not stop here. An order denying arbitration must be upheld if it is proper on any of the grounds considered by the trial court. See In re H.E. Butt Grocery Co., 17 S.W.3d 360, 367 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). Therefore, before we may grant mandamus relief, we must determine if the trial court could have properly denied the motion to compel arbitration on the other ground Carpenter raised below.

### FAILURE OF CONSIDERATION

■ Carpenter also argued the Resolution Program was unenforceable because the promise to arbitrate was not supported by consideration. In making this argument, Carpenter pointed to provisions in the Resolution Program that allow Nabors to amend or to terminate the arbitration agreement.[7] The trial court expressly overruled this ground at the hearing on the motion to compel.

The Texas Supreme Court has rejected this argument under similar circumstances. See In re Halliburton, 80 S.W.3d 566, 569–70 (Tex.2002). In In re Halliburton, the Court held that an employer's promise to arbitrate was not illusory and unenforceable because the employer retained the right to modify or discontinue the arbitration policy. Id. Like the employer in In re Halliburton, Nabors's right to amend or terminate the Resolution Program is qualified: any such amendment or termination of the arbitration agreement is subject to ten days notice to the employee and is inapplicable to arbitration proceedings that have already been initiated. Id.

6. In advancing his ambiguity argument, Carpenter relied on the following language in his acknowledgment: "By my signature below, I acknowledge and understand that I am required to adhere to the Dispute Resolution Program and its requirement for submission of disputes to a process that may include mediation and/or arbitration."

7. The relevant provisions of the Resolution Program state:

 **6. Amendment**

 A. This Program may be amended by Sponsor at any time by giving at least 10 days' notice to current Employees. However, no amendment shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rules, unless otherwise agreed.

 . . .

 **7. Termination**

 This Program may be terminated by Sponsor at any time by giving at least 10 days' notice of termination to current Employees. However, termination shall not be effective as to Disputes for which a proceeding has been initiated pursuant to the Rules prior to the date of termination unless otherwise agreed.

at 570. As such, the promise to arbitrate is not illusory, and the agreement to arbitrate is enforceable. *See In re Kellogg,* 80 S.W.3d at 616 (agreement to arbitrate held not illusory when it could be amended or terminated by giving at least ten days notice and any such amendment would not apply to a dispute for which proceedings had been initiated). The Resolution Program also states the parties are to be bound by the agreement to arbitrate even after termination of employment. Therefore, Nabors cannot avoid its promise to arbitrate by terminating an employee. We hold that failure of consideration is not a ground upon which the trial court could have denied the motion to compel arbitration.

### GROUNDS NOT RAISED BELOW

In his response to the mandamus petition, Carpenter argues for the first time that there are "disputed question[s] of fact" concerning notice and acceptance of the Resolution Program. We disagree. The FAA does not require an arbitration agreement to be signed if it is in writing and agreed to by the parties. *In re AdvancePCS Health L.P.,* 172 S.W.3d 603, 606 (Tex.2005). Arbitration may be accepted by an at-will employee's continued employment after he has notice of the arbitration policy. *In re Halliburton,* 80 S.W.3d at 569. The record before us establishes Carpenter acknowledged receipt of the Resolution Program on September 30, 2003, and understood his employment or continued employment constituted acceptance of the Resolution Program. The Resolution Program expressly provides that employment after its April 15, 2001, effective date constituted acceptance by the employee.

Also, Carpenter did not controvert Nabors's summary proof concerning notice and acceptance of the arbitration policy, and therefore, failed to raise a material fact issue as to notice or acceptance. *See Tipps,* 842 S.W.2d at 269 (burden is on party resisting arbitration to raise a material fact issue); *In re Jebbia,* 26 S.W.3d at 757–58 (party resisting arbitration who controverted facts concerning FAA's applicability raised a material fact issue). Because no material fact issue concerning notice or acceptance was raised in the trial court, these arguments are now waived. *See In re Halliburton,* 80 S.W.3d at 572–73 (granting mandamus relief when record showed notice of arbitration policy was undisputed and no defense to enforcing arbitration was established).

### CONCLUSION

When a court concludes claims are within the scope of an arbitration agreement and no defense to enforcing the agreement is established, it has no discretion but to compel arbitration. *In re FirstMerit Bank, N.A.,* 52 S.W.3d at 753–754. Because the record shows the existence of a valid arbitration agreement that covers Carpenter's claims, and the absence of any defense to enforcing the agreement, the trial court erred in not compelling arbitration. We, therefore, conditionally grant the writ of mandamus. We direct the Honorable Judge Terrell to vacate his order denying the motion to compel arbitration, and enter an order compelling arbitration in this case. The writ will issue only if Judge Terrell fails to do so within fifteen days of the date of this opinion.