

## NUMBER 13-06-00661-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE: ADVANCE EMS SERVICES, INC.
### D/B/A ADVANCE EMS AMBULANCE SERVICES, INC.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Yañez[1]

Relator, Advance EMS Services, Inc. d/b/a Advance EMS Ambulance Services, Inc.[2]

("Advance EMS"), filed a petition for writ of mandamus seeking to compel the trial court to

withdraw its denial of Advance EMS's motion to compel arbitration. This Court requested

and received a response from Gary Davenport, the real party in interest, and further

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The style of the underlying proceedings includes Advance EMS Services, Ltd. d/b/a First Care EMS and Advance EMS Services, Inc. d/b/a Advance EMS Ambulance Services, Inc.; however, the motion to compel arbitration and the instant proceeding were filed only on behalf of Advance EMS Services, Inc. d/b/a Advance EMS Ambulance Services, Inc.

received a supplemental brief from Advance EMS. On the record before us, we deny the petition for writ of mandamus.

## I. BACKGROUND

Advance EMS hired Davenport as an ambulance driver in August 2001. Davenport sustained injuries, allegedly in the course and scope of his employment with Advance EMS, on August 11, 2003. Advance EMS terminated Davenport's employment in March 2004, and Davenport brought suit against Advance EMS, a non-subscriber to workers' compensation, for causes of action including negligence, wrongful termination, discrimination, and intentional infliction of emotional distress.

Advance EMS filed a motion to compel arbitration under the Federal Arbitration Act ("FAA") based on an arbitration provision contained in a document entitled "Advance EMS Emergency Medical Services Standard Operating Procedures."[3] This manual, which was produced by Advance EMS, is 241 pages long and contains more than 160 separate sections. The manual inexplicably sandwiches its arbitration provision in its "Personnel" section between a provision entitled "General Knowledge, Skills and Abilities Required" and a provision governing "Aptitude." The "Arbitration" provision provides, in part, as follows:

> If an employment dispute arises while you are employed with this organization it is requested that you agree to submit any such dispute arising out of your employment or the termination of your employment (including, but not limited to[:] claims of unlawful termination based on race, sex, age, disability, national origin or any bias prohibited by law) exclusively to binding arbitration under the Federal Arbitration Act, 9 U.S.C., Section 1. Similarly, any disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration under the above provisions.
>
> This arbitration shall be the exclusive means of resolving any dispute arising out of your employment or termination from this organization, or you and

---

[3] Elsewhere, the document is referred to as a "Policy and Procedures Manual."

employees in any court or any forum can bring no other action [sic].  By simply accepting or continuing employment with this organization, you automatically agree that arbitration is the exclusive remedy for all disputes arising out of or related to your employment with this organization, and agree to waive all rights to a civil action regarding your employment and the termination of  your employment.  Only an arbitrator can/will decide the dispute.

*If you decide to dispute your termination or any other alleged incident during your employment, you must deliver a written request for arbitration to this organization within one (1) year from the date of termination, or one (1) year from the date on which the alleged incident(s) or conduct occurred, and respond within fourteen (14) calendar days to each communication regarding the selection of an arbitrator and the scheduling of a hearing.  If these times are not met, you will waive all rights to make a claim.*

You and this organization shall each bear respective costs for legal representation at any such arbitration.  The parties involved, if any, shall share the cost of the arbitrator and court report equally.

(Emphasis in original.)  The manual itself appears to be an evolving set of directives developed by Advance EMS.  According to the text of the manual, it was prepared "by utilizing information derived from previous edition(s) of this manual, [p]ersonal [i]nterviews with management personnel from within the agency, personal knowledge of accepted standards in the industry, and previous manuals written by the corporation."  It acknowledges that it is an "updated version" that may have "inadvertently omitted items, or maybe even have some policies or directives contradicting each other."  It provides that "if changes are to be made to the content . . . the staff will be notified of such changes either orally or in written form, and then such changes will be added to the next edition of this manual."  According to the manual, Advance EMS "may change, delete, suspend or discontinue any or all parts of the policies in this manual at any time without prior notice as business, employment, legislation and economic conditions dictate," and "[a]ny action taken shall apply to existing as well as future employees."  Finally, the manual provides that

it "shall supersede any and all previous organizational manuals."

In support of its motion to compel arbitration, Advance EMS also produced an acknowledgment form signed by Davenport on February 19, 2003, which states that:

> I, Gary Davenport, have read and fully understand the policies and procedures that have been set forth by this manual. I also agree to adhere to any revisions that may be submitted by the Regional Director and/or the Operations Supervisor. I understand that it is my responsibility to be familiar with these policies and procedures and comply with them at all times.

As this is a memorandum opinion, and the parties are familiar with the facts, we will not further recite them herein except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

## II. STANDARD OF REVIEW

When a trial court erroneously denies a motion to arbitrate under the FAA, mandamus is the appropriate remedy. *In re Halliburton Co.*, 80 S.W.3d 566, 573 (Tex. 2002) (orig. proceeding); *see* 9 U.S.C.A. § 4 (2005) (providing in part, that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement"); *Nabors Drilling USA, LP v. Carpenter*, 198 S.W.3d 240, 246 (Tex. App.–San Antonio 2006, orig. proceeding).

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *See Walker*, 827 S.W.2d at 839.

4

A failure by the trial court to apply the law correctly constitutes an abuse of discretion. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A trial or appellate court has no discretion in determining what the law is or in applying the law to the facts, even if the law is somewhat unsettled. *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding). Because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law, we review this category of discretionary rulings de novo. *See Walker*, 827 S.W.2d at 840.

In contrast, when we review a ruling that results from the trial court's resolution of factual matters, we must defer to the trial's factual resolutions and any credibility determinations that may have affected those resolutions and may not substitute our judgment for the trial court's judgment in those matters. *See id.* at 839-40. We must give deference to the trial court's resolution of a factual issue, and cannot set that decision aside unless it is clear from the record that the trial court could have reached only one decision. *See id.*

The party seeking mandamus relief has the burden to provide this Court with a sufficient record to establish his right to relief. *Walker*, 827 S.W.2d at 837; *In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.–San Antonio 2008, orig. proceeding); *see* TEX. R. APP. P. 52.3(k), 52.7(a). More specifically, a party seeking a writ of mandamus to compel arbitration under the FAA must: (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (orig. proceeding). Appellate courts may not deal with disputed areas of fact in a mandamus proceeding. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding); *In re Angelini*,

5

186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

### III. ANALYSIS

Based on the record before this Court, Advance EMS has not carried its burden to show the existence of a valid arbitration agreement. At the hearing on the motion to compel arbitration, Advance EMS's representative, Mr. Sharon Amos, testified that an unsigned, undated version of its policy and procedures manual, which Advance EMS produced during discovery, was in effect when Davenport was employed by Advance EMS. Amos testified that employees review and sign the acknowledgment on their first day of work, and that potential employees are not hired if they will not sign the acknowledgment. Amos testified that, to the best of his knowledge, Davenport signed the acknowledgment without objection. Amos acknowledged he was not present when Davenport was hired in 2001 or when Davenport allegedly signed the acknowledgment.

Upon cross-examination, Amos testified regarding Advance EMS's responses to discovery, which are included in the record. Amos acknowledged that Advance EMS's responses to discovery, which he prepared, stated that the manual produced by Advance EMS was in effect on the date Davenport first commenced his employment with Advance EMS and on the date Davenport was terminated. The responses to discovery also provide that the manual was not changed, modified, or amended during this period of time. Amos testified that this was true "to the best of my knowledge." Nevertheless, when asked to identify a document entitled "Advance EMS Operations Manual," which states on its cover that it is "Effective November 01, 2003," Amos replied that "I'm not sure, but it looks like copies of it." Amos testified he did not know the effective date for the version of the manual produced by Advance EMS, and he did not know what the manual contained on "November 01, 2003," which was after the date of Davenport's alleged injuries.

6

Applying the appropriate standard of review, we defer to the trial's factual resolutions and any credibility determinations that may have affected those resolutions. *See Walker*, 827 S.W.3d at 839-40. We may not substitute our judgment for the trial court's judgment in those matters unless it is clear from the record that the trial court could have reached only one decision. *See id.* Based on the record evidence and testimony adduced at the hearing on the motion to compel arbitration, the trial court may have concluded that the record did not support the existence of a valid agreement to arbitrate. The Advance EMS's representative's testimony was not direct and unequivocal, and he lacked personal knowledge regarding the revisions to and content of Advance EMS's manual. The existence of a manual that states that it was "Effective November 01, 2003" leads to the inference that the manual underwent revisions during the relevant period of time, and is inconsistent with Amos's testimony that there were no revisions to the manual from 2001 until 2004. Moreover, Amos's testimony that employees must sign the acknowledgment prior to starting work, or they are not employed, is contradicted by the fact that Davenport did not sign the acknowledgment until 2003, two years after he began working for Advance EMS.

In its reply to Davenport's response to the petition for writ of mandamus, Advance EMS contends that the "trial [c]ourt has not admitted [the 2003 version] into evidence" and it "is simply not in evidence." However, the trial court issued an order on January 2, 2007, stating that it "considered [the 2003 version], referred to [the 2003 version] on the record; asked questions of Defendants' corporate representative as well as Defendants' counsel, Danny Sheena; then ruled upon same." The order admits the 2003 version of the manual into evidence.

At this juncture, we consider it advisable to further address the deficiencies of

7

pleading and proof that have informed our decision and controlled our analysis of the instant case. The Texas Supreme Court has clearly delineated the pleading and proof necessary for determining the arbitrability of a dispute. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992); *see also In re Poly-America, L.P.*, 262 S.W.3d 337, 354 (Tex. 2008) (orig. proceeding). The trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *See Anglin*, 842 S.W.2d at 269; *see also Poly-America*, 262 S.W.3d at 354. The hearing at which a motion to compel arbitration is decided would ordinarily involve application of the terms of the arbitration agreement to undisputed facts, amenable to proof by affidavit; however, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts. *See Anglin*, 842 S.W.2d at 269; *see also Poly-America*, 262 S.W.3d at 354.

In this regard, we note that the record and briefing provided by Advance EMS is deficient in its failure to contain or acknowledge the trial court's order admitting the revised version of its manual. *See* TEX. R. APP. P. 52.3(k), 52.4(e), 52.7, 52.11(c). Moreover, Advance EMS has offered no evidence, testimonial or otherwise, to indicate that it is engaged in interstate commerce. *See* 9 U.S.C. § 2 (2005) (providing that the Federal Arbitration Act applies to transactions that involve commerce); *L & L Kempwood Assocs., L.P. v. Omega Builders, Inc. (In re L & L Kempwood Assocs., L.P.)*, 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding) (holding that the FAA requires interstate commerce to be involved or affected). The record filed by Advance EMS also fails to include any pleadings filed by Davenport through which we could ascertain whether the claims asserted are within

the scope of the agreement.  *See Prudential Secs., Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995) ("In determining whether a claim falls within the scope of an arbitration agreement, we focus on the factual allegations of the complaint, rather than the legal causes of action asserted.").

Problems with the record before us are not limited to the foregoing.  In Davenport's response to the petition for writ of mandamus, he includes a copy of a pleading entitled "Plaintiff's Response to Defendants' Motion to Compel Arbitration and Plaintiff's Motion to Compel Discovery," which is supported by a verification through which Davenport swears that "there was never any documentation or agreement to arbitrate as alleged."  Advance EMS contends, by affidavit, that this pleading was never filed or offered into evidence. Davenport has not contradicted this statement, by supplemental record or otherwise, and thus, we do not consider this pleading herein.[4]   *Cf. Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.–Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered.").

Our analysis of this matter is further hampered by unclear proceedings during the hearing on the motion to compel arbitration.  At the hearing on the motion to compel arbitration, a colloquy between the trial court and counsel appears to refer to issues and

---

[4] At the hearing on the motion to compel, Davenport contended that there was no arbitration agreement and, if there were, the McCarran-Ferguson Act prevents enforcement of the arbitration agreement. *See* 15 U.S.C. § 1012(b) (providing that "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance. . . ."). The interaction between federal and state law regarding the arbitrability of an employee's personal injuries is a complex matter, and we express no opinion here on this substantive legal issue.

In briefing to this Court, Davenport also argues that the arbitration agreement was illusory because Advance EMS retained the exclusive right to change the agreement at any time for any reason. *See, e.g., In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding). Davenport failed to present this argument to the trial court, and accordingly, it is not preserved for our review. *See* TEX. R. APP. P. 33.1.

testimony that are not properly before this Court on the record provided. The testimony and argument therein also appears to presume that further testimony would be offered by other witnesses, yet such testimony is not included in the instant record.

## IV. CONCLUSION

The trial court issued its ruling denying arbitration following an evidentiary hearing regarding disputed material facts. The pleadings and proof provided by Advance EMS are insufficient to establish entitlement to mandamus relief. Accordingly, this Court, having examined and fully considered Advance EMS's petition for writ of mandamus, the response, and Advance EMS's supplemental brief, is of the opinion that Advance EMS has not shown itself entitled to the relief sought. We DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(d).

Linda Reyna Yañez,
Justice

Memorandum Opinion delivered and filed
this the 12th day of February, 2009.

10