COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


NUMBER 13-08-00701-CV

 

IRWIN & BOESEN, P.C., Appellant,


v.


TONY MARTINEZ AND LAW OFFICES OF 

TONY MARTINEZ, P.C., Appellees.

 


On appeal from the 197th District Court of Cameron County, Texas.

 


NUMBER 13-09-00025-CV


IN RE IRWIN & BOESEN, P.C.

 


On Petition for Writ of Mandamus

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

 Memorandum Opinion by Chief Justice Valdez

 

 Irwin & Boesen, P.C. ("Irwin") filed a notice of appeal in cause number 13-08-00701-CV and a petition for writ of mandamus in cause number 13-09-00025-CV seeking to
compel the trial court to grant Irwin's motion to compel arbitration. We dismiss the appeal
and deny the petition for writ of mandamus.

I. Background


 The underlying proceeding concerns a dispute over attorney's fees. Beginning in
approximately April 2002, Irwin and other law firms entered into agreements to represent
individual plaintiffs injured by Fen-Phen in a multi-district class action lawsuit (the "MDL"
proceeding). Tony Martinez (1) entered into a co-counsel agreement with Irwin. Martinez's
agreement with Irwin provides for the division of all amounts received as attorney's fees
in connection with the assigned cases, either 'Matrix' or 'Opt-Out,' after deducting all
amounts due to referring attorneys and class counsel. In the MDL proceeding, Martinez
was appointed to the Seventh Amendment Liaison Committee ("SALC") and was awarded
attorney's fees through his work as a member of that committee. 

 In May 2006, disputes arose between Martinez and Irwin, and they entered into an
agreement, which included the arbitration provision at issue in the underlying lawsuit:

 This is an agreement by and between Irwin & Boesen and Martinez, Barrera
y Martinez:


 With regard to division and distribution of Fen-Phen litigation attorneys' fees
earned by the initiating and trial counsel, it is agreed that such fees will be
determined and distributed according to the applicable contracts between the
parties and neither Irwin & Boesen, P.C., or Martinez, Barrera y Martinez will
do anything to stop or delay distribution of attorneys' fees to the appropriate
parties. Irwin & Boesen, P.C. and Martinez, Barrera y Martinez agree to
divide and distribute all attorneys' fees earned in the Fen-Phen litigation, and
for which they are entitled, according to the applicable contracts between the
parties and neither shall withhold or cause delay in the distribution or
payment of attorneys' fees to the other.


 With regard to division of expenses regarding the Fen-Phen litigation it is
agreed that the two parties will negotiate in good faith to resolve their
differences. If such efforts fail then it is agreed that the matter will be
submitted to mediation with a mutually agreed mediator or, if unable to agree
then a mediator chosen by a disinterested third party. If such effort does not
produce a resolution then the parties will submit their case to binding
arbitration with arbitrators to be agreed upon or, if unable to do so each party
chooses one and the arbitration service utilized will pick one of its own
choosing.


Subsequently, Martinez brought suit against Irwin and others seeking a declaratory
judgment that the referral agreements did not create a joint venture or partnership
relationship and that the attorney's fees to be divided did not include any SALC Common
Benefit Fee which may have been earned by Martinez. Martinez also asked for a
temporary restraining order and injunctive relief. 

 Irwin moved to compel arbitration of this lawsuit based on the foregoing arbitration
agreement. The trial court denied the motion to compel, and these parallel proceedings
ensued.

II. Federal Arbitration Act or Texas Arbitration Act


 The trial court's order did not specify whether the arbitration agreement in this case
was governed by the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA"). 
See 9 U.S.C. §§ 1-16 (1999) (FAA); Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098
(Vernon 1997 & Supp. 2008) (TAA). Therefore, Irwin seeks review of the order denying
arbitration both by mandamus and interlocutory appeal. See Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (providing that litigants alleging entitlement to
arbitration under the FAA and TAA must pursue parallel proceedings).

 The FAA "extends to any contract affecting commerce, as far as the Commerce
Clause of the United States Constitution will reach." L & L Kempwood Assocs., L.P. v.
Omega Builders, Inc. (In re L & L Kempwood Assocs., L.P.), 9 S.W.3d 125, 127 (Tex.
1999) (per curiam); see In re Nexion Health at Humble, Inc., 173 S.W.3d 67, 69 (Tex.
2005); see also 9 U.S.C. § 2 (2005). "Commerce" has been broadly defined and
encompasses contracts relating to interstate commerce. See In re Gardner Zemke Co.,
978 S.W.2d 624, 626 (Tex. App.-El Paso 1998, orig. proceeding). The FAA does not
require a substantial effect on interstate commerce; rather, it requires commerce to be
involved or affected. See L & L Kempwood Assocs., L.P, 9 S.W.3d at 127.

 In the instant case, the parties to the agreement at issue are from different states. 
Irwin is a Colorado law firm. Tony Martinez and his law office are from Texas. The
agreement at issue pertains to attorney's fees and expenses relating to the Fen-Phen
litigation, which involves clients from Nebraska, Colorado, Wyoming, Oklahoma, and other
states, and the MDL proceeding in Pennsylvania. Martinez does not challenge the
application of the FAA to the Agreement. Given these facts, we conclude the agreement
at issue evidences a transaction involving commerce and is therefore subject to the FAA.

 When a trial court erroneously denies a motion to arbitrate under the FAA,
mandamus is the appropriate remedy. In re Halliburton Co., 80 S.W.3d 566, 573 (Tex.
2002) (orig. proceeding); see 9 U.S.C.A. § 4 (2005) (providing, in part, that "[a] party
aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written
agreement for arbitration may petition . . . for an order directing that such arbitration
proceed in the manner provided for in such agreement"); Nabors Drilling USA, LP v.
Carpenter, 198 S.W.3d 240, 246 (Tex. App.-San Antonio 2006, orig. proceeding).
Accordingly, we dismiss Irwin's interlocutory appeal and consider the merits of its petition
for writ of mandamus. 

III. Standard of Review


 To be entitled to mandamus relief, a petitioner must show that the trial court clearly
abused its discretion and that the relator has no adequate remedy by appeal. In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (citing Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); see In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). We may not substitute our judgment for
that of the trial court with respect to the resolution of factual issues or matters within the
trial court's discretion. Walker, 827 S.W.2d at 839-40. The relator must show that the trial
court could reasonably have reached only one decision. Id. The reviewing court cannot
disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. 
With respect to the trial court's decision on legal issues, our review is much less
deferential. Id. at 840. A trial court has no discretion in determining what the law is or
applying the law to the facts. Id. Thus, a clear failure by the trial court to analyze or apply
the law correctly will constitute an abuse of discretion. Id. 

 IV. Validity and Scope


 A party seeking to compel arbitration by a writ of mandamus must (1) establish the
existence of a valid agreement to arbitrate under the FAA, and (2) show that the claims in
dispute are within the scope of the agreement. In re Kellogg Brown & Root, Inc., 166
S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). "Whether a valid arbitration agreement
exists is a legal question subject to de novo review." In re D. Wilson Constr. Co., 196
S.W.3d 774, 781 (Tex. 2006) (orig. proceeding). In determining the validity of agreements
to arbitrate which are subject to the FAA, we generally apply state-law principles governing
the formation of contracts. In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex.
2006) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). If the
trial court finds there is a valid agreement to arbitrate, the burden shifts to the party
opposing arbitration to prove his defenses. J.M. Davidson, Inc. v. Webster, 128 S.W.3d
223, 227 (Tex. 2003). 

 Once a valid agreement to arbitrate has been established, the court must then
determine whether the arbitration agreement covers the nonmovants' claims. In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding). To determine
whether an existing arbitration agreement covers a party's claims, a court must "focus on
the complaint's factual allegations rather than the legal causes of action asserted." Id. at
754. Federal policy embodied in the FAA favors agreements to arbitrate, and courts must
resolve any doubts about an arbitration agreement's scope in favor of arbitration. Id. at
753. If the arbitration agreement encompasses the claims and the party opposing
arbitration has failed to prove its defenses, the trial court has no discretion but to compel
arbitration and stay its own proceedings. Id. at 753-54; D.R. Horton, Inc. v. Brooks, 207
S.W.3d 862, 866-67 (Tex. App.-Houston [14th Dist.] 2006, no pet.); Feldman/Matz
Interests, L.L.P. v. Settlement Capital Corp., 140 S.W.3d 879, 883 (Tex. App.-Houston
[14th Dist.] 2004, no pet.).

V. Agreement to Arbitrate


 "Courts may not order parties to arbitrate unless they have agreed to do so." In re
Golden Peanut Co., LLC, 269 S.W.3d 302, 307 (Tex. App.-Eastland 2008, orig.
proceeding); Belmont Constructors, Inc. v. Lyondell Petrochem. Co., 896 S.W.2d 352,
356-57 (Tex. App.-Houston [1st Dist.] 1995, no writ [appeal and orig. proceeding]); see
Freis v. Canales, 877 S.W.2d 283, 284 (Tex. 1994) ("While courts may enforce
agreements to arbitrate disputes, arbitration cannot be ordered in the absence of such an
agreement."). Therefore, despite strong presumptions that favor arbitration, a valid
agreement to arbitrate remains a settled, threshold requirement to obtaining relief, whether
under the TAA or the FAA. See Kellogg Brown & Root, Inc., 166 S.W.3d at 737-38 (FAA);
J.M. Davidson, Inc., 128 S.W.3d at 227 (TAA). This is so because "the purpose of the FAA
was to make arbitration agreements as enforceable as other contracts, not more so." 
Kellogg Brown & Root, Inc., 166 S.W.3d at 738 (quoting Bridas S.A.P.I.C. v. Gov't of
Turkm., 345 F.3d 347, 354 n.4 (5th Cir. 2003)). 

 Under the FAA, ordinary principles of state contract law determine whether there is
a valid agreement to arbitrate. Id. at 737-38; J.M. Davidson, Inc., 128 S.W.3d at 227-28;
Halliburton Co., 80 S.W.3d at 568. In construing the agreement, our primary concern is
to ascertain and give effect to the intentions of the parties as expressed in the contract. 
Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998); Aspen
Tech., Inc. v. Shasha, 253 S.W.3d 857, 861-62 (Tex. App.-Houston [14th Dist.] 2008, no
pet.). To ascertain the parties' true intentions, we examine the entire agreement in an
effort to harmonize and give effect to all provisions of the contract so that none will be
rendered meaningless. MCI Telecomms. Corp. v. Tex. Utils. Elec. Co., 995 S.W.2d 647,
652 (Tex. 1999).

VI. Analysis
 

 In the instant case, Martinez contends that the underlying litigation does not fall
within the scope of the arbitration provision at issue. We agree, and need not look outside
the contract at issue to determine that the instant dispute is not subject to arbitration. The
underlying litigation concerns the division of attorney's fees. The first paragraph of the
agreement at issue deals solely with the division and distribution of attorney's fees and
contains no reference to negotiation, mediation, or arbitration of any such disputes. The
second paragraph of the agreement, which requires arbitration, is expressly limited in
scope to the "division of expenses regarding the Fen-Phen litigation." The arbitration
agreement is specifically limited in scope, and does not apply to the instant dispute. The
agreement to arbitrate disputes regarding the division of expenses does not stand alone
to create a broad agreement to arbitrate any dispute arising under the entire contract. It
must be construed in its context, and the intent of the parties should be ascertained by
according the contractual language its plain grammatical meaning. See Lyons v.
Montgomery, 701 S.W.2d 641, 643 (Tex. 1985); see In re Brookshire Bros., 198 S.W.3d
381, 386 (Tex. App.-Texarkana 2006, orig. proceeding). 

 Construing the contract by its plain language, it is clear that the parties agreed to
arbitrate the division of expenses, but not attorney's fees. In this regard, we note that the
policy favoring arbitration "cannot serve to stretch a contractual clause beyond the scope
intended by the parties." Babcock & Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 230 (Tex.
App.-Houston [14th Dist.] 1993, writ denied). The scope of the contract provision here at
issue is not reasonably debatable. As pointed out above, it is clearly limited by its plain
language. Had the parties intended to enter a broad agreement to arbitrate all disputes,
including the divisions of attorney's fees, they could easily have done so. In this regard,
"the failure to use a standard broad form arbitration clause may be considered evidence
that the parties intended to limit the arbitrable issues and the circumstances requiring
arbitration." Belmont Constructors, 896 S.W.2d at 358. 

VII. Conclusion


 We dismiss Irwin's interlocutory appeal in Cause No. 13-08-00701-CV for want of
jurisdiction. We conclude that the trial court did not err in refusing to order the underlying
matter to arbitration in Cause No. 13-09-00025-CV. Accordingly, we deny the petition for
writ of mandamus. See Tex. R. App. P. 52.8(a). 


 ROGELIO VALDEZ

 Chief Justice

 


Memorandum Opinion delivered and 

filed on this the 2nd day of June, 2009. 
1. The "Agreement Regarding Fen Phen Cases" references assignments to the "Law Office of Tony
Martinez, P.C." and is signed by "Antonio Martinez, President." The underlying lawsuit was brought by Tony
Martinez and Law Office of Tony Martinez, P.C., and they are the real parties in interest and appellees herein. 
In contrast, the agreement containing the arbitration provision is between Irwin and "Martinez, Barrera y
Martinez," and is signed by Tony Martinez. Based on the record before this Court, these discrepancies are
not relevant to our analysis, and we express no opinion regarding these differences.