

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00704-CV

Russell J.G. **AMSBERRY**,
Appellant

v.

Alejandra **SALAZAR**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17196
Honorable Angelica Jimenez, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Appellant Russell J.G. Amsberry ("Amsberry") appeals from the trial court's entry of final judgment confirming an arbitration award. We affirm the trial court's judgment.

## Background

Appellee Alejandra Salazar ("Salazar") hired Amsberry as her attorney in a divorce and custody proceeding. Salazar signed a retainer agreement containing a "DISPUTE RESOLUTION" clause, which stated the parties agreed to resolve any disputes regarding the agreement amicably, through the Client-Attorney Assistance Program, through mediation, or, if all else fails, through

"binding arbitration under the rules of the American Arbitration Association (AAA) . . . where both parties shall bear their respective fees, costs and expenses."

The divorce case settled, and a dispute arose between Amsberry and Salazar regarding Amsberry's fees. Amsberry intervened in the divorce case and asserted a claim against Salazar for attorney's fees. Salazar asserted counterclaims against Amsberry for fraudulent inducement, breach of fiduciary duty, and violations of the Deceptive Trade Practices Act (DTPA).

Counsel for the parties executed a Rule 11 agreement stating both parties agreed to mediate the dispute. The Rule 11 agreement also provided:

> In the event that mediation should not result in a resolution of the matter, we further agree that this matter shall be arbitrated. We have not as yet agreed on an arbitrator, but can take that up if the mediation is not successful.
>
> We have further agreed that the arbitration will not be conducted pursuant to the FAA rules/provisions but is arbitrable under and subject to the Texas AA rules. Further, we have agreed not to use the services of the American Arbitration Association.

After mediation was unsuccessful, the parties voluntarily submitted to arbitration. After a hearing, the arbitrator rendered an award in Salazar's favor.

Salazar filed a motion in the trial court to confirm the arbitration award. Amsberry filed a "Motion to Stay Confirmation of Award and in the Alternative Motion to Modify Arbitration Award and/or Vacate Award." The trial court heard both motions simultaneously, confirmed the arbitration award, and entered a final judgment. Amsberry appeals.

### Discussion

In three issues on appeal, Amsberry argues the trial court erred in confirming the arbitration award because (1) Salazar was not entitled to an award of attorney's fees at law or under the arbitration agreement, (2) the parties did not agree to binding arbitration, and (3) Salazar is estopped from enforcing the arbitration agreement in the retainer agreement.

## A.      Standard of review

"Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). Upon a party's application, the trial court *shall* confirm an arbitration award unless another party offers grounds for vacating, modifying, or correcting the award under the Texas Arbitration Act (TAA). *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088, 171.091). The trial court shall vacate an arbitration award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) a party's rights were prejudiced by an arbitrator's evident partiality, corruption, or misconduct or willful misbehavior;

(3) the arbitrator exceeded his powers, refused to postpone the hearing for sufficient cause, refused to hear material evidence, or conducted the hearing in a manner that substantially prejudiced a party's rights; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under TAA Subchapter B, and the complaining party did not participate in the arbitration without objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a). A party may avoid confirmation of an arbitration award only by demonstrating one of these grounds for vacatur. *Hoskins*, 497 S.W.3d at 495. Even an arbitrator's "manifest disregard of the law" is not a ground for vacating an arbitration award. *Id.* at 494.

## B.      Preservation of error

Before we address the merits of Amsberry's issues, we must address Salazar's argument that Amsberry did not preserve his appellate issues because he failed to properly present statutory grounds for vacatur to the trial court. "It is abundantly clear that a party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal." *Black v. Shor*, 441 S.W.3d 154, 163 (Tex. App.—Corpus

Christi 2013, pet. denied) (citing TEX. R. APP. P. 33.1); *accord Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 850 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see also Ewing v. Act Catastrophe-Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding that because appellant did not raise absence of agreement to arbitrate in the trial court, he failed to preserve issue for appeal); *Henry S. Miller Brokerage, LLC v. Sanders*, No. 05-14-01618-CV, 2015 WL 4600218, at *2 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.) (recognizing rule).

In his motion to vacate the arbitration award, Amsberry raised only one statutory ground for vacatur—no agreement to binding arbitration. At the hearing on the motion, Amsberry appears to have briefly raised a second statutory ground—evident partiality of the arbitrator—albeit without any evidentiary support. Because these are the only statutory grounds for vacatur raised in the trial court, Amsberry's first and third issues are not preserved for appeal. *See* TEX. R. APP. P. 33.1.[1]

## C.    Agreement to arbitrate

In his second issue, Amsberry argues the trial court erred in confirming the arbitration award because the parties' Rule 11 agreement does not provide for "binding" arbitration.

We interpret arbitration agreements using the ordinary principles of contract construction. *Nabors Drilling USA, LP v. Carpenter*, 198 S.W.3d 240, 247 (Tex. App.—San Antonio 2006, no pet.). An arbitration agreement's language must clearly indicate the parties' intent to arbitrate but need not assume any particular form. *Id.* To determine whether an arbitration agreement is ambiguous, we examine the agreement as a whole. *Id.* (citing *J.M. Davidson v. Webster*, 128

---

[1] We note that Amsberry's first and third issues would not be proper grounds for vacatur in any event, since they are not grounds listed in TAA section 171.088. *See Hoskins*, 497 S.W.3d at 495 (holding party may not seek vacatur on any grounds other than the grounds listed in the TAA).

S.W.3d 223, 229 (Tex. 2003)). An arbitration agreement is not ambiguous if it can be given a certain or definite legal meaning. *Id.* (citing *SAS Institute, Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005)).

Here, neither party argues the Rule 11 agreement is ambiguous. Rather, Amsberry argues that because the Rule 11 agreement does not expressly provide for "binding" arbitration, it only provides for non-binding arbitration. "The omission of the term 'binding' from an arbitration agreement does not automatically transform it into a non-binding arbitration agreement." *Id.* (citing *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 222 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding)). Where, as here, the parties agree to arbitrate pursuant to the TAA, regardless of whether they expressly agree to "binding" arbitration, they necessarily agree to binding arbitration because the TAA makes no provision for non-binding arbitration. *See Provision Interactive Techs., Inc. v. Betacorp Mgmt., Inc.*, No. 03-06-00692-CV, 2008 WL 536688, at *6–7 (Tex. App.—Austin Feb. 28, 2008, no pet.) (mem. op.) (holding agreement in which "the Parties stipulate to employ Arbitration under the statutes or the Courts of . . . Texas" was agreement to binding arbitration under the TAA); *Stone*, 935 S.W.2d at 220–21 (holding agreement in which "all parties hereby agree that the dispute shall be referred to arbitration by an arbitrator appointed by the senior United States District Judge for the Southern District of Texas" was agreement to binding arbitration under the TAA).

Considering the Rule 11 agreement as a whole, we conclude it unambiguously expresses the parties' agreement to submit to binding arbitration under the TAA. Accordingly, Amsberry's second issue is overruled.

## Conclusion

Because we conclude Amsberry's first and third issues are not preserved for appeal and his second issue is overruled, we affirm the trial court's judgment.

Marialyn Barnard, Justice