

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00457-CV

James Clinton **COYLE**, Janice Presley Coyle a/k/a Janice Presley, and Cody Presley,
Appellants

v.

**COYLE FAMILY FARM, INC.**, Coyle Farms Partnership, Mike Coyle,
Doug Coyle, Tim Coyle, and Tom Tompkins,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 17-12-24620-CV
Honorable H. Paul Canales, Judge Presiding

Opinion by:  Liza A. Rodriguez, Justice

Sitting:  Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Appellants James Clinton Coyle, Janice Presley Coyle a/k/a Janice Presley, and Cody Presley appeal the trial court's Order Confirming Arbitration Award as Final Judgment of the Court. The appellants raise two issues asserting they were not given twenty-one days' notice of the hearing on the appellees' motion to compel arbitration or forty-five days' notice of the arbitration hearing. We affirm the trial court's judgment.

**BACKGROUND**

On May 15, 2015, James Clinton Coyle and the appellees entered into a mediated settlement agreement ("MSA") which settled three pending lawsuits primarily relating to 764 acres of land owned by Coyle Family Farm, Inc. ("CFFI"). Under the terms of the MSA, Coyle was to be paid $714,781 primarily in exchange for his conveyance of all of his shares of stock in CFFI to the other shareholders. In addition, Coyle agreed he and his wife, Janice Presley Coyle, would vacate the mobile home in which they lived which was located on CFFI's property no later than December 31, 2015. Paragraph 17.3 of the MSA provided any disputes concerning the agreement would first be submitted to mandatory mediation then, in the event mediation was not successful, to binding arbitration.

On December 19, 2017, the appellees filed the underlying lawsuit asserting various claims, including a motion to compel mediation and arbitration under the terms of the MSA. On January 12, 2018, the appellees filed a motion for declaratory judgment regarding mandatory mediation and arbitration requesting an order mandating Coyle to participate in mediation and arbitration under the terms of the MSA. The appellees' motion was set for a hearing on January 24, 2018.

On January 24, 2018, the trial court initially overruled Coyle's verbal motion for a continuance. The trial court then conducted an evidentiary hearing. At the conclusion of the hearing, the trial court signed an order granting the appellees' motion and ordering Coyle to engage in mediation on February 10, 2018, and, if unsuccessful, binding arbitration on February 16, 2018.

Because the mediation was unsuccessful, an arbitration hearing was held on February 16, 2018. On February 22, 2018, the arbitrator signed a final award. The award recites the arbitrator advised all participants in writing on January 25, 2018, that the final arbitration hearing was scheduled for February 16, 2018.

On May 23, 2018, the appellees filed a motion to confirm the arbitration award. Although an objection was filed to the motion, the appellants did not file a motion to vacate the award. On May 31, 2018, the trial court held a hearing and granted the motion, confirming the arbitration award as the final judgment of the court.

**NOTICE OF HEARING ON MOTION TO COMPEL**

In their first issue, the appellants contend the trial court erred in "essentially order[ing] a de facto summary disposition hearing without adhering to the twenty-one (21) day notice requirement of Rule 166(a) of the Texas Rules of Civil Procedure." Thus, the appellants equate the appellees' motion for declaratory judgment regarding mandatory mediation and arbitration to a motion for summary judgment.

Section 171.021 of the Texas Civil Practice and Remedies Code ("Code") governs proceedings to compel arbitration. TEX. CIV. PRAC. & REM. CODE ANN. § 171.021. If a party opposing a motion to compel denies the existence of the agreement, the trial court must "summarily determine that issue" and order arbitration if it finds such an agreement exists. *Id*. § 171.021(b); *see also Gunda Corp., LLC v. Yazhari*, No. 14-12-00263-CV, 2013 WL 440577, at *2 n.1 (Tex. App.—Houston [14th Dist.] Feb. 5, 2013, no pet.) (noting Texas procedure controls the determination of arbitrability even if the Federal Arbitration Act applies). Under section 171.021, the trial court makes its decision on arbitrability using "summary proceedings" which have a shifting burden similar to a summary judgment proceeding. *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 896-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Nabors Drilling USA, LP v. Carpenter*, 198 S.W.3d 240, 246 (Tex. App.—San Antonio 2006, no pet.). Unlike a summary judgment proceeding, however, an evidentiary hearing is required before the trial court may rule on the motion if a material issue of fact is raised. *Compare In re Jim Walter Homes, Inc.*, 207 S.W.3d at 897 (noting evidentiary hearing required if material fact issue raised) *and Nabors*

*Drilling USA, LP*, 198 S.W.3d at 246 (same) *with* TEX. R. CIV. P. 166a (prohibiting oral testimony at a summary judgment hearing and allowing summary judgment to be granted only if there is no genuine issue as to any material fact).  Therefore, we hold a motion to compel is not the equivalent of a summary judgment motion but is simply a pre-trial motion which does not require twenty-one days' notice under rule 166a.  *See Lucchese Boot Co. v. Licon*, 388 S.W.3d 365, 374-75 (Tex. App.—El Paso 2012, no pet.) (holding motion to compel is a pre-trial matter); *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 882-83 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (rejecting argument that trial court deprived appellants of reasonable notice by conducting an evidentiary hearing on a motion to compel and resolving issue set for a later summary judgment hearing).  Furthermore, we construe appellees' motion for declaratory judgment regarding mandatory mediation and arbitration as the equivalent of a motion to compel because it seeks the same relief.  *See Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) (noting courts liberally construe pleadings in the pleader's favor).  Accordingly, because rule 166a did not require twenty-one days' notice of the hearing on the appellees' motion to compel arbitration, the appellants' first issue is overruled.

### NOTICE OF ARBITRATION HEARING

In their second issue, the appellants cite Rule 245 of the Texas Rules of Civil Procedure to assert they were entitled to forty-five days' notice of the arbitration hearing "[b]ecause the nature of an arbitration proceeding is equivalent to a trial on the merits."  We disagree.

Unless the parties' agreement otherwise provides, section 171.044(a) of the Code requires the arbitrator to set a time for the arbitration hearing and notify each party.  TEX. CIV. PRAC. & REM. CODE ANN. § 171.044(a).  In addition, section 171.044(b) requires the notice to be served "not later than the fifth day before the hearing date."  *Id*. § 171.044(b).  Here, the arbitrator's award recites that the arbitrator sent written notice to the appellants on January 25, 2018, that the final

arbitration hearing was scheduled for February 16, 2018. Accordingly, the appellants were provided timely notice under the statute. *See id.*

More importantly, however, this is an appeal from the trial court's order confirming the arbitrator's award. Under section 171.087 of the Code, a court must confirm an arbitration award unless grounds are offered for vacating, modifying, or correcting the award. *Id.* § 171.087. One of the grounds a party could raise in a motion to vacate is that the arbitrator "refused to postpone the hearing after a showing of sufficient cause for the postponement." *Id.* § 172.088(a)(3)(B); *see also* 9 U.S.C. § 10(a)(3) (providing for award to be vacated if "arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown"). However, a motion to vacate must be filed not later than the 90th day after the date the arbitrator's award is delivered. *Id.* § 172.088(b). Here, the appellants never filed a motion to vacate asserting the arbitrator refused to postpone the hearing. Accordingly, the trial court did not err in granting the motion to confirm.

### CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice